IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES KEY, et al.,

    Plaintiff,                                  No. CIV S-11-650 GEB GGH (TEMP) PS

    vs.

INDYMAC BANK, et al.,

    Defendants.                         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Presently before the court is plaintiff's motion for a temporary restraining order. Defendant Indymac Mortgage Services ("IMS") has filed a response. [1] [2] For the reasons set forth herein, plaintiff's application should be denied.

<u>BACKGROUND</u>

        Plaintiffs filed this action on March 10, 2011. The complaint is stylized as a "negative averment" and the body of the complaint sets forth information pertaining to a

---

[1] Because oral argument is not of material assistance, these matters are submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] Also pending is defendant IMS's motion to dismiss for lack of subject matter jurisdiction. However, because plaintiff has not had an opportunity to oppose the motion, and this is not an *in forma pauperis* case, the court will await opposition despite the apparent lack of subject matter jurisdiction.

1

residential home and parcel of land located in Linden, California.  No causes of action are pled and no assertion of subject matter jurisdiction is made in the complaint.  The subject property was sold at a trustee's sale on March 21, 2011.  Defendant's Request for Judicial Notice ("DRJN"), dkt. no 15, Ex. D.  The trustee, U.S. Bank National Association, instituted an unlawful detainer action against plaintiffs in the Superior Court of California, County of San Joaquin and default judgment was entered against plaintiffs in the state court action on April 27, 2011.  Plaintiffs' motion for temporary restraining order, dkt. no. 11, at p. 25.  Plaintiffs attempted to remove the unlawful detainer action to federal court and moved for a temporary restraining order in the federal action.  Case No. 2:11-cv-1122 GEB EFB PS, dkt. no. 6.  That action was summarily remanded on the basis that the court lacked subject matter jurisdiction.  Id., dkt. no. 7.  Plaintiffs now seek an order enjoining the state court proceedings.

DISCUSSION

I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant contends this court lacks subject matter jurisdiction.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

1  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
2  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
3  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
4  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
5  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).
6         For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be
7  diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal
8  question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a
9  federal law or the United States Constitution, (2) allege a "case or controversy" within the
10  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369
11  U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).
12         Here, plaintiffs have alleged no federal claims whatsoever.  Plaintiffs do not even
13  assert a basis for subject matter jurisdiction nor is there any basis evident in the complaint.  It
14  appears plaintiffs cannot assert diversity jurisdiction in that they are citizens of California and
15  one of the named defendants in the herein action, Aztec Foreclosure Corporation, is also a citizen
16  of California.  DRJN to Defendant Opposition to Plaintiff's Motion, dkt. no. 16, Ex. I.  Because
17  there is no basis for subject matter jurisdiction, the case is subject to dismissal and no restraining
18  order should be issued.
19  II.  Temporary Restraining Order / Preliminary Injunction
20         Plaintiff seeks an order restraining the state proceedings in the unlawful detainer
21  action.  The standards governing the issuance of temporary restraining orders are "substantially
22  identical" to those governing the issuance of preliminary injunctions.  Stuhlbarg Intern. Sales
23  Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001).  Therefore, "[a]
24  plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely
25  to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in
26  his favor, and that an injunction is in the public interest."  Am. Trucking Ass'n, Inc. v. City of

Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). "A preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049-50 (9th Cir. 2010) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 129 S. Ct. at 376.

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).

Plaintiffs here allege no basis for federal subject matter jurisdiction; therefore there is no probability (or even serious questions) of success on the merits. In addition, plaintiffs seek relief against the trustee, U.S. Bank National Association, who is not a named defendant in this action and over whom this court does not have personal jurisdiction. Moreover, under 28 U.S.C. § 2283, the federal court may not stay state court proceedings and plaintiffs set forth no applicable exception to that rule. For these reasons, preliminary injunctive relief should be denied.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that: Plaintiffs' motion for temporary restraining order (dkt. no. 11) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2011

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

JMM
key-indymac.tro.ggh