1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8    JAMES KEY, et al.,

9              Plaintiff,                    No. CIV S-11-650 GEB GGH (TEMP) PS

10        vs.

11

12   INDYMAC BANK, et al.,

13             Defendants.              FINDINGS AND RECOMMENDATIONS

14   _____/

15             Plaintiffs are proceeding pro se in this action, referred to the undersigned pursuant

16   to Local Rule 72-302(c)(21).  Defendant IMS's motion to dismiss for lack of subject matter

17   jurisdiction is presently noticed for hearing on the June 23, 2011 law and motion calendar of the

18   undersigned.[1]  Opposition to motions, or a statement of non-opposition thereto, must be filed

19   fourteen days preceding the noticed hearing date.  E.D. Cal. L. R. 78-230(c).  Court records

20   reflect that plaintiff failed to file opposition or a statement of non-opposition to the motion.

21             Plaintiffs filed this action on March 10, 2011.  The complaint is stylized as a

22   "negative averment" and the body of the complaint sets forth information pertaining to a

23   residential home and parcel of land located in Linden, California.  No causes of action are pled

24   and no assertion of subject matter jurisdiction is made in the complaint.  The subject property

25   _____

26        [1] Because oral argument is not of material assistance, this matter is submitted on the
     briefs.  E.D. Cal. L.R. 230(g).

                                              1

1   was sold at a trustee's sale on March 21, 2011.  Defendant's Request for Judicial Notice

2   ("DRJN"), dkt. no 15, Ex. D.

3          Defendant contends this court lacks subject matter jurisdiction.  A federal court is

4   a court of limited jurisdiction, and may adjudicate only those cases authorized by the

5   Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114

6   S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United

7   States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from

8   time to time ordain and establish."  Congress therefore confers jurisdiction  upon federal district

9   courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-

10  99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time

11  by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93

12  F.3d 593, 594-95 (9th Cir. 1996).

13          The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

14  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

15  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

16  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

17  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

18  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

19  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

20  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

21          For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be

22  diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal

23  question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a

24  federal law or the United States Constitution, (2) allege a "case or controversy" within the

25  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369

26  U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Here, plaintiffs have alleged no federal claims whatsoever.  Plaintiffs do not even assert a basis for subject matter jurisdiction nor is there any basis evident in the complaint.  It appears plaintiffs cannot assert diversity jurisdiction in that they are citizens of California and one of the named defendants in the herein action, Aztec Foreclosure Corporation, is also a citizen of California.  DRJN to Defendant Opposition to Plaintiff's Motion, dkt. no. 16, Ex. I.  Because there is no basis for subject matter jurisdiction, the case should be dismissed.

Accordingly, IT IS HEREBY ORDERED that the hearing date of June 23, 2011 on defendant's motion to dismiss is vacated; and

IT IS HEREBY RECOMMENDED that:

1.  The motion to dismiss for lack of subject matter jurisdiction (dkt. no. 15) be granted;

2.  This action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2011

      /s/ Gregory G. Hollows
U.S. MAGISTRATE JUDGE

JMM
key-indymac.mtd.ggh